# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 05041 | **DATE** | 3/14/2012 |
| **CASE TITLE** | Michael Winder vs. County of Winnebago, et al. | | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, the court grants in part and denies in part defendants' motion in limine No. 1, and grants defendants' motions in limine Nos. 2, 3, 4, and 5. The court grants plaintiff's motions in limine Nos. 1, 3, 4, and 5, and denies plaintiff's motion in limine No. 2.

*Philip G. Reinhard*

■[ For further details see text below.]

Electronic Notices.

## STATEMENT - OPINION

Defendants have filed five motions in limine seeking to bar certain evidence from trial. The motions are numbered 1-5. Plaintiff has also filed five separately numbered motions in limine (1-5). Each side has responded to the other's motions in limine. The court will address each motion separately with the exception it will dispose of defendants' motion #5 along with plaintiff's motion #1 as they are closely related.

**Plaintiff's motions #s 3, 4, and 5 and defendants' motion #2**

As an initial matter, the court will grants plaintiff's motions in limine #s 3, 4, and 5 and defendants' #2 as neither side has objected to those respective motions.

**Defendants' motion #1**

Defendants seek to bar plaintiff from testifying that his nose was broken as a result of the force used by Officer Gaziano. Plaintiff contends that a lay witness, such as plaintiff, is allowed to testify to his own health condition.

Under the Federal Rules of Evidence, a witness need not be a doctor to discuss his health in general terms. Haack v. Bongiorno, 2011 WL 862239, * 3 (N.D. Ill. Mar. 4, 2011) (citing Collins v. Kilbort, 143 F. 3d 331, 337 (7th Cir. 1998)). Thus, courts have routinely held that a lay person is capable of reliably understanding and testifying to their own medical condition. Haack, at * 3. On the other hand, a lay witness is not permitted to offer a medical or personal diagnosis of his alleged injuries. Haack, at * 3.

Here, plaintiff is allowed to testify about the health condition of his nose following the incident. He may even testify that based on his prior experiences he believed his nose could have been fractured. What he may not testify to, however, is that his nose was in fact broken. To that latter extent, defendants' motion in limine #1 is granted but is denied otherwise.

**Defendants' motion in limine #3**

Defendants seek to bar any evidence that Officer Gaziano failed to pass the 2004 Police Training Institute examination. Plaintiff argues it is relevant to show his lack of competence in the use of force related to prisoners and also as to his credibility.

The fact that Officer Gaziano failed the training examination in 2004 is not relevant to any issue in this case for several reasons. First, he successfully passed that examination in 2007, prior to the incident giving rise to this case. Any prior failure regarding the examination becomes virtually moot in light of his subsequent passing of the

examination. Second, the bare fact that Officer Gaziano failed the 2004 examination does not necessarily show that he lacked competence related to any of the issues in this trial. For all the court knows, Officer Gaziano did just fine on those portions of the examination pertaining to the use of force and prisoners. Third, if the court were to admit evidence of Officer Gaziano's failure to pass the 2004 examination as evidence of his lack of competence, then it would also be proper to admit evidence of his passing the 2007 examination or similar evidence in rebuttal. Fourth, if the court were to admit such evidence, it becomes easy to see how difficult it would quickly become to draw a line as to similar evidence such as how Officer Gaziano performed on other examinations or what his grades were in any college or other training courses. For all of these reasons, the court, in its discretion, grants defendants' motion in limine #3 as to the use of Officer Gaziano's failure of the 2004 examination for either substantive or impeachment purposes.

**Defendants' motion in limine #4**

Defendants seek to bar evidence that an occurrence witness, Officer Jesse Geiken of the Rockford Police Department, has been accused of using excessive force in two separate incidents in 2009, one of which provides a basis for a pending civil rights lawsuit in this court. See Curtis v. North, No. 09 C 50175 (Kapala, J.). Plaintiff asserts that this evidence is admissible to show bias and lack of credibility of Officer Geiken.

Specific instances of misconduct by a witness for the purpose of attacking or supporting the witness's character for truthfulness may not be proved by extrinsic evidence but may, in the court's discretion, be inquired into on cross-examination. Hollins v. City of Milwaukee, 574 F. 3d 822, 828 (7th Cir. 2009) (citing Fed. R. Evid. 608(b)). However, the probative value of such evidence must still not be outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Hollins, 574 F. 3d at 828-29.

In this case, like in Hollins, the allegations of wrongdoing have neither been proved nor found to have any merit at this point and offer little indicia of reliability. Thus, they are of limited probative value. Such meager probative value is clearly outweighed by the obvious potential prejudice. Therefore, in its discretion, the court grants defendants' motion in limine #4 and bars any evidence or inquiry into the two incidents or the related lawsuit regarding Officer Geiken's alleged wrongdoing.

**Plaintiff's motion in limine #2**

Plaintiff seeks to bar, under Federal Rule of Evidence 403, the testimony of Jennafer Parrsish that plaintiff made certain sexually vulgar comments while in the police transport vehicle. Plaintiff further seeks to bar testimony by any other witness, including Officer Gaziano, that he made such statements.

Evidence is relevant when it has any tendency to make the existence of any fact that is of consequence to the case more or less probable than it would without that evidence. Thompson v. City of Chicago, 472 F. 3d 444, 453 (7th Cir. 2006) (citing Fed. R. Evid. 401). To be relevant, evidence need not conclusively decide the ultimate issue in a case, nor make the proposition appear more probable, but it must in some degree advance the inquiry. Thompson, 472 F. 3d at 453-54.

Even if evidence is relevant under Rule 401, the court retains discretion to exclude it where its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Thompson, 472 F. 3d at 456 (citing Fed. R. Evid. 403). Evidence is considered unfairly prejudicial not merely because it damages the opposing party's case, but because its admission makes it likely that the jury will be induced to decide the case on an improper basis, commonly an emotional one, rather than on the evidence presented. Thompson, 472 F. 3d at 456-57.

Here, the evidence of whether plaintiff made certain sexually vulgar remarks directed at other arrestees in the transport vehicle is relevant to show Officer Gaziano's subjective state of mind as to whether he considered plaintiff disruptive, aggressive, and potentially dangerous once he was called on to transfer him from the vehicle to the jail. Such comments also show that plaintiff was possibly under the influence of alcohol, was disagreeable about being taken to jail, was disrespectful to those around him, and was uninhibited by the situation. When considered in light of other disputed evidence that plaintiff was a possible threat to Gaziano, the statements, which were made contemporaneously to the alleged incident of excessive force, go toward advancing that inquiry.

That being said, the probative value of the statements must be measured against their potential to unfairly prejudice plaintiff in the eyes of the jury. The probative value of the statements is significant in that they bolster Officer Gaziano's contention that plaintiff was being disruptive and aggressive during most of the time leading up to the alleged use of excessive force. Additionally, to the extent that Ms. Parrish testifies to the statements, that also

| STATEMENT - OPINION |
|---|

provides independent corroboration of Officer Gaziano's version of events and would at the same time refute plaintiff's version. While plaintiff contends that Parrish does not know if he said these statements to her, that is of little significance as the issue is whether he said them to anyone in the vehicle, male or female.

As to unfair prejudice, to the extent the statements make plaintiff appear to be a sexual deviate, which is clearly not relevant to the case, they only do so minimally. What they really do is show he was speaking disrespectfully and aggressively to his fellow arrestees in the transport vehicle. Further, the jury can readily be instructed by the court as to the limited nature of such evidence, and the court may also limit the evidence to minimize any terminology of an expressly vulgar nature. Therefore, the court denies plaintiff's motion in limine #2.

**Plaintiff's motion in limine #1 (Michael Schlosser) and defendants' motion in limine #5 (James Hartsfield)**

Plaintiff has filed a motion in limine #1 seeking to bar the expert testimony of Michael Scholsser, and defendants have filed a motion in limine #5 seeking to bar the expert testimony of James Hartsfield. Both reports' proposed opinion testimony would essentially relate to various aspects of the conduct engaged in by Officer Gaziano regarding the allegations of excessive force.

Expert evidence is admissible only when it will assist the trier of fact in understanding the evidence or determining a fact in issue. See Fed. R. Evid. 702. The ultimate issue that the jury will be called upon to determine in this case is whether Officer Gaziano used unreasonable force against plaintiff under the circumstances. The jury will be instructed accordingly as to what constitutes reasonable force in this context. Further, questions of law, such as the meaning of applicable legal standards, should be resolved by the court and are not the appropriate subject of expert testimony. United States v. Farinella, 558 F. 3d 695, 700 (7th Cir. 2009); see also Bammerlin v. Navistar Int'l Transp. Corp., 30 F. 3d 898, 900 (7th Cir. 1994).

Here, defendants have not objected to plaintiff's motion in limine as to their own expert Schlosser, conceding that there is no need for such expert testimony in this case. Based on this concession, along with the court's analysis of defendants' motion in limine as to plaintiff's expert Hartsfield, the court grants plaintiff's motion in limine as to Schlosser.

As noted above, despite defendants' concession as to their own expert, plaintiff persists in arguing that their expert is needed. There is no need, however, for any such expertise as it applies to the use of force applied by Gaziano in this case. The issue of whether Gaziano used the proper level of force is one for the jury. This is especially so in this case where the jury will see a video of the incident that is relatively detailed and comprehensive. Further, to the extent that Hartsfield offers opinions on the proper procedures to follow in handling a prisoner such as plaintiff, such opinions will not be helpful to the jury. This is a case about whether the force used in a particular situation was proper under the Constitution in light of the procedures that were used and not about whether proper procedures were utilized. That also is a question for the jury. Further, applying Daubert v. Merrell Dow Pharma., Inc., 509 U.S. 579, 589-91 (1993), the proposed expert testimony in this case would not assist the trier of fact in understanding the evidence or determining a fact in issue. Therefore, the court grants defendants' motion in limine as to Hartsfield.