IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, WESTERN DIVISION

| MICHAEL WINDER, | ) | |
|---|---|---|
| Plaintiff, | ) | No. 09 CV 5041 |
| v. | ) | Judge Reinhard |
| LEONARD GAZIANO, | ) | |
| Defendant. | ) | JURY TRIAL DEMANDED |

FILED
JUN 2 6 2012
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

### PLAINTIFF'S MOTION FOR JUDGMENT AS A MATTER OF LAW ON HIS BATTERY CLAIM

Now comes Plaintiff, Michael Winder, by and through his attorneys, Loevy & Loevy, and hereby moves pursuant to Federal Rule of Civil Procedure 50(a) for judgment as a matter of law on his battery claim against Defendant Leonard Gaziano. In support of this motion, Plaintiff states as follows:

### Argument

There is no dispute that (1) Defendant Gaziano intended to cause harmful or offensive contact with Plaintiff Michael Winder, and (2) harmful or offensive contact resulted. The only disputes in this case are the extent of the harmful contact and the nature of the injury[1], and neither of these factual inquiries is relevant to determining whether a battery has occurred. Under either party's version of events, there was an intentional harmful or offensive contact, and the harmful contact resulted. Thus, as a matter of law, Plaintiff should prevail on his battery claim.

---

[1] Defendant claims that he merely pushed Plaintiff, whereas Plaintiff claims that Defendant struck him. Everyone agrees that Plaintiff's nose was injured, although the parties disagree on whether Plaintiff's nose was broken.

Civil battery in Illinois is defined as having two elements: (1) intention to cause harmful or offensive contact with the person of another; and (2) resulting harmful contact. *Bakes v. St. Alexius Medical Center*, 2011 WL 2520137, at *5 (1st Dist. June 23, 2011) (quoting RESTATEMENT (SECOND) TORTS § 13 (1965)); *Cohen v. Smith*, 269 Ill. App. 3d 1087, 1090 (5th Dist. 1995) (citing the same).

Based on these central elements, the Illinois appellate courts have "stated that 'the willful touching of the person of another or a successful attempt to commit violence on the person of another" constitutes battery. . . . We also stated that battery involves contact by a defendant that is unauthorized . . . , where defendant has done some affirmative act intended to cause the unpermitted contact . . . ." *Bakes*, 2011 WL 2520137, at *5 (quoting *Britamco Underwriters, Inc. v. J.O.C. Enterprises, Inc.*, 252 Ill. App. 3d 96, 101 (2d Dist. 1993); *Boyd v. City of Chicago*, 378 Ill. App. 3d 57, 69 (1st Dist. 2007)) (some internal quotation marks and citations omitted).

Many cases contain the statement that a claim for battery requires proof of "the unauthorized touching of another's person," e.g., *Boyd*, 378 Ill. App. 3d at 69; *Luss v. Village of Forest Park*, 377 Ill. App. 3d 318, 334 (1st Dist. 2007); *Welton v. Abrose*, 351 Ill. App. 3d 627, 636 (4th Dist. 2004), but without exception, every case in Illinois that discusses what it means for a touching to be "unauthorized" explains that it is the *lack of consent on the part of the person battered* that makes matters when deciding whether particular contact is unauthorized. If the Plaintiff did not consent to the alleged offensive or harmful contact, then the contact is considered

unauthorized. *See, e.g., Gragg v. Calandra*, 297 Ill. App. 3d 639, 715 (2d Dist. 1998) ("Liability for battery emphasizes the plaintiff's lack of consent to a touching.") (emphasis added); *Kling v. Landry*, 292 Ill. App. 3d 329, 339 (2d Dist. 1997) ("In order to state a cause of action for intentional battery, a plaintiff must allege a willful touching of another person without the consent to the person who is touched."); *Cohen v. Smith*, 269 Ill. App. 3d 1087, 1090 (5th Dist. 1995) ("Liability for battery emphasizes the *plaintiff's* lack of consent to a touching.") (emphasis added); *Pechan v. DynaPro, Inc.*, 251 Ill. App. 3d 1072, 1084 (2d Dist. 1993) ("An action for battery does not depend on the hostile intent of the defendants, but on the absence of the plaintiff's consent to the contact."); *Cowan v. Insurance Co. of North America*, 22 Ill. App. 3d 883, 890 (1st Dist. 1974) ("[T]he gist of the action for battery is . . . the absence of consent to the contact on the part of the plaintiff.") (citing W. Prosser, Law of Torts § 9, p. 35 (4th ed. 1971)); *see also Country Mut. Ins. Co. v. Olsak*, 391 Ill. App. 3d 295, 306 (1st Dist. 2009); *Campbell v. A.C. Equipment Services Corp., Inc.*, 242 Ill. App. 3d 707, 748-49 (4th Dist. 1993).

There are two exceptions in Illinois to this well-established principle that it is the plaintiff's consent to the alleged touching that matters for purposes of battery. The first exception is in those cases of what could be called "assumed consent." As one Illinois appellate court has explained: "'Consent is assumed to all those ordinary contacts which are customary and reasonably necessary to the common intercourse of life.'" *Pechan v. DynaPro, Inc.*, 251 Ill. App. 3d 1072, 1084-85 (2d Dist. 1993) (quoting *McCracken v. Sloan*, 40 N.C. App. 214, 217 (N.C. App. 1979)). In *Pechan* at

issue was whether a plaintiff's lack of consent to cigarette smoking was enough to constitute a battery, and the appellate court held that it was not because it is presumed that people consent to such everyday occurrences. The concept of assumed consent would apply as well, for example, in the context of a person bumped in the subway or exposed to exhaust during a traffic jam on a highway. It most certainly does not apply, however, in the situation where a defendant strikes (or pushes) the plaintiff's head into a cinderblock wall.

The second exception to the principle that it is the plaintiff's consent to the alleged touching that matters for purposes of battery is found in the context of so-called "medical batteries." There, the common-law emergency exception to the normal principles of battery provides that "when a physician is confronted with a patient who is unable to consent and is in need of prompt medical attention, it is logical to assume that the patient would consent to the procedure . . . ." *Curtis v. Jaskey*, 326 Ill. App. 3d 90, 94-96 (2001). Like the first exception noted above, the emergency exception has no applicability in the context of a corrections officer who strikes (or uses sufficient force to harm) a citizen.

Despite Defendant's position on this legal question, there is no reported case from any Illinois court that has defined the concept of "unauthorized contact" in the context of a battery claim to mean contact unauthorized by law. This makes sense: if the law was interpreted as Defendant suggests, every plaintiff bringing a battery claim would bear the burden of raising and disproving every conceivable affirmative defense (i.e., all possible circumstances that might "authorize" the contact) thereby

relieving every defendant of his obligation to identify and assert an affirmative defense. This runs contrary to time-honored principles of civil litigation and would place an impossible burden on plaintiffs.

Defendant had asserted no affirmative defenses in his answer (*see* Dkt. No. 12 at 11) and never sought leave to add additional affirmative defenses to his case. "If a defendant fails to raise affirmative defenses in his answer, 'those defenses are deemed waived.'" *MB Financial Bank, N.A. v. Patel*, 2012 WL 346456, at *2 (N.D. Ill. Feb. 1, 2012) (quoting *Castro v. Chicago Housing Authority*, 360 F.3d 721, 735 (7th Cir. 2004). The idea that a verdict should be entered for a plaintiff where the elements of a intentional tort have been shown and where the defendant raises no affirmative defenses to the intentional tort has support elsewhere in Illinois law as well. *See, e.g., Catberro v. Naperville School Dist. No. 203*, 317 Ill. App. 3d 150, 155 (2d Dist. 2000) (holding that a defendant who forgets to plead an affirmative defense "may not shift this burden to plaintiff by arguing that the complaint does not contain allegations to refute the affirmative defense."); *Parrish by Bowker v. Donahue*, 110 Ill. App. 3d 1081, 1083-84 (3d Dist. 1982) (finding that "defendant, in the absence of an affirmative defense, committed the alleged torts," and holding, "As self-defense was not here raised, the trial court did not err in directing the verdict of assault and battery.").

## Conclusion

For the foregoing reasons, the Court should enter judgment as a matter of law in favor of Plaintiff and against Defendant on Plaintiff's battery claim.

Respectfully submitted,

/s/ Elizabeth Wang
One of Plaintiff's Attorneys

Arthur Loevy
Jon Loevy
Elizabeth Wang
Rachel Steinback
LOEVY & LOEVY
312 N. May St., Ste. 100
Chicago, IL 60607
(312) 243-5900