UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

**FILED**

JUN 2 6 2012

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| MICHAEL WINDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 09 cv 5041 |
| | ) | |
| COUNTY OF WINNEBAGO, RICHARD | ) | |
| MEYERS, individually and in his official | ) | |
| capacity as SHERIFF OF WINNEBAGO | ) | |
| COUNTY, OFFICER GAZIANO, and | ) | |
| UNKNOWN WINNEGAGO COUNTY | ) | |
| CORRECTIONAL OFFICER, in their | ) | |
| official and individual capacities, | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION FOR JUDGMENT AS A MATTER OF LAW**

Defendant, Corrections Officer Leonard Gaziano, by his attorney, William Don

Emmert, Assistant State's Attorney for Winnebago County, Illinois, moves this court,

pursuant to Rule 50 of the Federal Rules of Procedure, to enter judgment in his favor as a

matter law with respect to Plaintiff's claim for punitive damages, and in support thereof

states as follows:

1.      This is a Section 1983 Civil Rights action wherein Plaintiff alleges

Defendant Gaziano exerted excessive force against Plaintiff.  Plaintiff also alleges

a state law battery claim.

2.      Plaintiff seeks compensatory and punitive damages against Defendant

Gaziano.

3.      In order to prevail on a claim for punitive damages Plaintiff must prove

Defendant Gaziano's "conduct was malicious or in reckless disregard of

Plaintiff's rights. Conduct is malicious if it is accompanied by ill will or spite, or

is done for the purpose of injuring Plaintiff. Conduct is in reckless disregard of

Plaintiff's rights if, under the circumstance it reflects complete indifference to

Plaintiff's safety or rights." *Seventh Circuit Pattern Jury Instruction 7.24.*

4.      The incident which is the subject of Plaintiff's lawsuit occurred in a

correctional setting. At all times relevant to this cause of action, Defendant

Gaziano was a corrections officer acting within the scope of his employment, and

Plaintiff was an arrestee under the charge and control of Defendant Gaziano.

5.      As a corrections officer in the scope of his employment Defendant

Gaziano had the legal authority to use force to maintain order and discipline

within the correctional setting. *Sanders, et al v. State of Illinois,* 2001 WL

34677728 (Ill. Ct. Cl.); *Soto v. Dickey,* 744 F.2d 1260, 1267 (7th Cir. 1984); and

*Kewis v. Downey,* 581 F.3d 467, 476 (7th Cir. 2009).

6.      Based on the evidence submitted at trial in this case no reasonable juror

could find Defendant Gaziano's actions were either malicious or done in reckless

disregard of Plaintiff's rights. There is no evidence to support a finding that

Defendant Gaziano actions were accompanied <u>by ill will or spite;</u> nor is there any

evidence to support a finding Defendant Gaziano's actions were taken <u>for the</u>

2

purpose of injuring Plaintiff. Furthermore, there is insufficient evidence to sustain a finding that his actions reflected a complete indifference to Plaintiff's safety or rights. With respect to holding Plaintiff's face against the wall, the evidence is clear that Defendant Gaziano at most only pushed Plaintiff for a few seconds, and released his pressure against Plaintiff as soon as the sally port door started to open. There is no evidence Defendant Gaziano hit, kicked, or repeatedly struck Plaintiff.

**WHEREFORE,** Defendant Gaziano moves this Court to dismiss Plaintiff's claim for punitive damages.

> CORRECTIONS OFFICER LEONARD
> GAZIANO,
>     -- Defendant
>
> BY: /s/ *William Don Emmert*
>     William Don Emmert
>     Assistant State's Attorney

William Don Emmert - No. 03127076
Assistant State's Attorney
Civil Division
Courthouse Building, Suite 804
400 West State Street
Rockford, Illinois 61101
(815)319-4708
(815)319-4798 [fax]
wemmert@co.winnebago.il.us